UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRANO, INC.,<br>        Plaintiff,<br>v.<br>QUOTIUM TECHNOLOGIES, INC.,<br>QUOTIUM TECHNOLOGIES, S.A.,<br>and<br>TECHNOLOGIES, S.A.,<br>        Defendants. | CIVIL ACTION NO. 05-CV-11558-DPW |

***EMERGENCY* MOTION FOR ENLARGEMENT OF TIME
IN WHICH TO RESPOND**

Pursuant to Fed. R. Civ. P. 6(b), Defendant Quotium Technologies, Inc. ("Quotium, Inc.") moves the Court for a thirty (30) day enlargement of the time in which to answer or otherwise respond to the Complaint of Cyrano, Inc. ("CI"). At present, Quotium, Inc. must respond <u>today, August 18, 2005</u>. If the enlargement is granted, the new due date would be <u>September 19, 2005</u>.

As grounds for this request, Quotium, Inc. states as follows:

- The plaintiff sent Quotium, Inc. a request for waiver of service of summons on July 26, 2005;
- on July 29, 2005, before Quotium, Inc. could accept waiver, the plaintiff purported to serve the summons anyway;
- counsel for Quotium, Inc. knew of the request for waiver of summons, but service of the summons did not come to counsel's attention until late yesterday when it received a copy of the return of service to the Court;
- an answer or other response from Quotium, Inc, is <u>due today, August 18, 2005</u>; and
- no prejudice will result to plaintiff from the enlargement, which will in fact enable Quotium, Inc. to coordinate with the other two defendants (located in France) to file a joint response to the Complaint with the Court.

For these and the further reasons given below, Quotium, Inc. respectfully requests an enlargement until September 19, 2005 to file an answer or to otherwise respond to the complaint.

**FACTUAL BACKGROUND**

On July 25, 2005, CI commenced an action in this Court against Quotium, Inc. and two affiliated corporations, Quotium Technologies, S.A. and Technologies, S.A., both of which are located in France. By letter dated the same day, Attorney Michael Sugrue, counsel for CI, informed counsel for Quotium, Inc. that an action had been commenced and that he would be requesting from all the defendants a waiver of service of the summons.

On or about July 26, 2005, Attorney Sugrue sent a letter to each of the three defendants asking them to waive service of process pursuant to Fed. R. Civ. P. 4(d). Under the terms of waiver set forth in Rule 4(d) and repeated in each letter, Quotium, Inc. would have until August 25, 2005 to accept the waiver and, assuming acceptance effective on that date, until September 24, 2005 to file an answer.

Notwithstanding the outstanding request to Quotium, Inc. to waive service of a summons, on July 28 and 29, 2005, only a few days after the request was made, CI caused a constable to attempt to effect service of process on Quotium, Inc. at its principal place of business in Beverly, Massachusetts. These facts are attested to in a purported return of service filed with the Court on or about August 16, 2005 by Attorney Sugrue.

Yesterday, August 17, 2005, counsel for Quotium, Inc. received by mail a copy of the return of service filing and became aware for the first time that the request for waiver had been effectively withdrawn. When counsel, who was conducting a day long

deposition, reviewed his mail late in the day, he discovered the purported service of process.

## ARGUMENT

**QUOTIUM, INC. MEETS THE "CAUSE SHOWN" STANDARD OF RULE 6(B), AND AN ENLARGEMENT WOULD MAKE POSSIBLE MORE EFFICIENT PLEADING, WHILE CREATING NO PREJUDICE TO THE PLAINTIFF.**

As the above-recited facts demonstrate, Quotium, Inc. can show sufficient cause to justify an enlargement of time to respond to the Complaint.

First, the request is made in good faith and for good cause. CI's counsel informed counsel for Quotium, Inc. on July 25th, when the action was commenced, that waiver requests would be going out to all defendants. CI's lengthy June 26th letter clearly requested a waiver of service from Quotium, Inc. That letter was addressed to Michel Tiberini as president of Quotium, Inc., and Quotium, Inc.'s counsel was copied on the letter. By contrast when CI effected its purported service of process on Quotium, Inc. on July 29th, CI's counsel did not inform Quotium, Inc.'s counsel that the waiver request was being abruptly retracted, and the constable delivered the summons and complaint to a secretary, not an officer, director or manager of the business.[1] *See* Return of Service, attached as Exhibit A. For these reasons, not until yesterday did counsel for Quotium, Inc. have notice of the summons and the twenty day response period.

Second, Quotium, Inc. intended to fulfill the purpose of Rule 4(d) by accepting the waiver of service. By that means, it hoped to have the opportunity to coordinate with its French co-defendants in filing a single response to the Complaint. A single, joint response would be in the interest of judicial efficiency and economy. (In a related law

---

[1] The service of process appears clearly insufficient under Fed. R. Civ. P. 4(h).

3

suit with CI in this judicial district, the three defendants have pled together.)  The enlargement of time being requested would have the same benefit by allowing the additional time Quotium, Inc. needs to work with overseas parties in responding.  A related factor is that the chief operating officer of Quotium, Inc. is presently out of the country, in France, and cannot assist in the immediate preparation of an answer.

Third, this request has been made in the timeliest fashion possible under the circumstances, and the grant of the motion would not prejudice CI in any way.  Under Rule 4(d), CI's original requests for waivers would have given the two French defendants until October 24, 2005 to answer.  Clearly, then, an enlargement of time to <u>September 19, 2005</u> for Quotium, Inc. in no way prejudices CI.

## CONCLUSION

For all of the foregoing reasons, the Court should grant this motion and enlarge Quotium, Inc.'s time to respond to <u>September 19, 2005</u>.

                                                         Respectfully submitted,

DATED: August 18, 2005             QUOTIUM TECHNOLOGIES, INC.,
                                                         By its attorneys,

                                                           /s/ Mayeti Gametchu
                                                        Kevin J. O'Connor (BBO# 555250)
                                                        Mayeti Gametchu (BBO# 647787)
                                                       John R. Pagliaro (BBO# 634483)
                                                        PARAGON LAW GROUP, LLP
                                                       184 High Street
                                                       Boston, MA 02110
                                                       Tel. (617) 399-7950

**Local Rule 7.1 Certificate Of Compliance**

I hereby certify that on August 18, 2005, I conferred by telephone with Michael Sugrue, counsel of record for the Defendant Cyrano, Inc., in a good faith attempt to resolve or narrow the issues, but was unable to do so.

                                                  /s/ John R. Pagliaro
                                                  John R. Pagliaro, Esq.

**Certificate of Service**

I hereby certify that on August 18, 2005, I served a copy of the foregoing document by facsimile and first class mail, post paid, on Stephen Chow, counsel of record for the Defendant Cyrano, Inc.

                                                  /s/ Mayeti Gametchu
                                                  Mayeti Gametchu, Esq.

**PERKINS SMITH & COHEN**



Perkins Smith & Cohen LLP
Attorneys at Law

Michael K. Sugrue
Direct Dial 617.854.4112
msugrue@pscboston.com

August 16, 2005

Civil Clerk's Office
United States District Court for the
 District of Massachusetts
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   Cyrano, Inc. v. Quotium Technologies, Inc., Quotium Technologies, S.A., and Technologies, S.A.
U.S. District Court for the District of Massachusetts, Docket No. 05-11558-JLT

Dear Sir or Madam:

Enclosed for filing please find a Summons and Return of Service in connection with the above-referenced action.

Thank you for your attention to this matter.

Very truly yours,

Michael K. Sugrue

MKS/gc
Enclosure

cc:   Stephen Y. Chow, Esq.  *(w/o encl.)*
      Kevin J. O'Connor, Esq. *(w/encl.)*
      Mayeti Gametchu, Esq. *(w/encl.)*

31610-4-LtrUSDC.doc

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

<u>    Eastern Division    </u>   District of   <u>          Massachusetts          </u>

Cyrano, Inc.

### SUMMONS IN A CIVIL ACTION

V.

Quotium Technologies, Inc., Quotium Technologies, S.A., and Technologies, S.A.

CASE NUMBER:

## 05 - 11558 JLT

TO: (Name and address of Defendant)

```
Quotium Technologies, Inc.
100 Cummings Center
Suite 336B
Beverly, MA   01915
```

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen Y. Chow, Esq.
PERKINS SMITH & COHEN LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                                            JUL 2 5 2005

CLERK                                                         DATE

(By) DEPUTY CLERK

⍟AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                 *Date*

                 _____
                 *Signature of Server*

                 _____
                 *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me (1) | DATE: July 29, 2005 |
| NAME OF SERVER: JOHN MILANO | TITLE: Process Server / A Disinterested Person |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:
_____, MASSACHUSETTS

☐ Left copies thereof at the defendant's dwelling or usual place of abode with a person of suitable age and discretion then residing therein. Name of person whom the summons and complaint were left:
_____

Said service was made at: _____, MASSACHUSETTS

☒ Other: By handing true and attested copies thereof to __Ms. Linda O'Brien, Executive Assistant and__
Duly Authorized Agent for the within-named __Defendant, Quotium Technologies, Inc.__
Said service was made at:
__100 Cummings Center, Suite 336B, Beverly__, MASSACHUSETTS

## STATEMENT OF SERVICE FEES

SERVICE FEE $ 120.00     2 Trips

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on __July 29, 2005__
Date

Signature of Server: *John Milano*

One Devonshire Place, Boston, Massachusetts
Address of Server

## ADDITIONAL INFORMATION

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE __2__ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| 7/28/05 | 3:50 p.m. | No service at 100 Cummings Ctr., Ste. 336B, Beverly, Ma. - Business closed at time of said attempt | $ 60.00 |
| 7/29/05 | 9:30 a.m. | Service was made at 100 Cummings Ctr., Ste. 336B, Beverly, Ma. | $ 60.00 |
| | | TOTAL | $ 120.00 |

(1) As to who may serve a summons see Rule 4 to the Federal Rules of Civil Procedure.

---

Suvalle, Jodrey & Associates            One Devonshire Place            Telephone # (617) 720-5733
Massachusetts Constables since 1925     Boston, MA 02109                Fax #       (617) 720-5737