UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRANO, INC., <br>     Plaintiff, <br> v. <br> QUOTIUM TECHNOLOGIES, INC., <br> QUOTIUM TECHNOLOGIES, S.A., <br> and <br> TECHNOLOGIES, S.A., <br>     Defendants. | **CIVIL ACTION NO. 05-CV-11558-DPW** |

## DEFENDANTS' MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF 20 PAGES (UNOPPOSED)

Defendants Quotium Technologies, Inc., Quotium Technologies, S.A., and Technologies, S.A. (collectively, "Quotium") respectfully move the Court for leave to file a brief in excess of 20 pages in opposition to Plaintiff Cyrano, Inc.'s Motion for Preliminary Injunction. As grounds for this motion, Quotium states:

1.    On July 25, 2005, Plaintiff Cyrano, Inc. ("CI") filed this action, in which CI asserts claims for, *inter alia*, copyright infringement.

2.    On September 23, 2005, Defendants moved to dismiss or, in the alternative, stay this action on the grounds that it is substantially identical to a lawsuit pending before Judge Tauro in this district and pending on interlocutory appeal before the U.S. Court of Appeals for the First Circuit.

3.    On November 3, 2005, this Court granted Defendants request to stay this action. The Court explained at the hearing held that day that one of its reasons for doing so was the complex legal issues presented by the interplay of this action with the action pending before Judge Tauro and the Court of Appeals, as well as related litigation between the parties in France.

4. The complexity of this case is further compounded by the nature of the underlying merits of the parties' dispute, which -- with respect to the instant motion for preliminary injunction -- involves a dispute over the relationships among at least five different commercial software products, as well as copyright and bankruptcy law of France and the United Kingdom, and U.S. copyright law.

5. On June 20, 2006 -- almost a year after filing the action and more than eight months after the Court entered the stay -- the Plaintiff in this case filed its Motion for Preliminary Injunction (the "PI Motion"). In connection with the filing of that motion, the Court allowed a motion by Plaintiff (which was not opposed by Defendants) for leave to file a memorandum in support of their motion in excess of 20 pages.

6. Plaintiff's PI Motion is essentially two motions wrapped in one -- a motion to lift the stay and a motion for a preliminary injunction.

7. The preliminary injunctive relief sought by Plaintiffs would have a severe, negative effect on Defendants' business. As explained in paragraph 12 of Declaration of Hubert deLacvivier, the General Manager of Defendant Quotium, Inc. (which appears as Ex. 1 to the Appendix of Exhibits filed contemporaneously herewith in support of Quotium's Opposition to Motion for Preliminary Injunction), the products that Plaintiff asks the Court to enjoin Quotium from selling represent 80% of the 2005 sales of Quotium, S.A. and Quotium, Inc. and have been the central focus of their technological development efforts over the last four years.

8. In view of the complexity of the legal, factual, and procedural issues presented by Plaintiffs' PI Motion, as well as the importance of that motion, Defendants respectfully request leave to file an opposition brief in excess of 20 pages. Defendants respectfully submit that

allowing them to do so will aid the Court in understanding the issues presented and in reaching a just decision on the PI Motion.

    9.    Counsel for Plaintiff, Michael Sugrue, has indicated that Plaintiff does not oppose the relief requested herein.

                                          Respectfully submitted,

                                          QUOTIUM TECHNOLOGIES, INC.,
                                          TECHNOLOGIES, S.A., and
                                          QUOTIUM TECHNOLOGIES, S.A.,
                                          By their attorneys,

                                          /s/ Kevin J. O'Connor
                                          Kevin J. O'Connor (BBO# 555250)
                                          Mayeti Gametchu (BBO# 647787)
                                          John Pagliaro (BBO# 634483)
                                          PARAGON LAW GROUP, LLP
                                          184 High Street
                                          Boston, MA 02110
DATED: July 14, 2006                Tel. (617) 399-7950


### Local Rule 7.1 Certificate of Conferral

    I, Kevin J. O'Connor, certify that on July 14, 2006, I conferred by telephone with Michael Sugrue, Esq., counsel of record for the Plaintiff, and Mr. Sugrue indicated that Plaintiff does not oppose the leave requested herein.

                                          /s/ Kevin J. O'Connor
                                          Kevin J. O'Connor (BBO# 555250)

**CERTIFICATE OF SERVICE**

I, Kevin J. O'Connor, hereby certify that on July 14, 2006, I served a true and accurate copy of the forgoing document electronically to the registered participants of the ECF system, as identified on the Notice of Electronic Filing (NEF), by filing it through the ECF system, and by first class mail to those persons indicated as non-registered participants.

  /s/ Kevin J. O'Connor  
Kevin J. O'Connor

0004-003-103066