UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CYRANO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 05-CV-11558-DPW |
| QUOTIUM TECHNOLOGIES, INC., | ) | |
| QUOTIUM TECHNOLOGIES, S.A., and | ) | |
| TECHNOLOGIES, S.A., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO TEMPORARILY LIFT STAY FOR THE LIMITED PURPOSE OF FILING A MOTION FOR LEAVE TO AMEND THE COMPLAINT**

The Plaintiff, Cyrano, Inc., now known as Vedant Incorporated (referred to herein as "Cyrano"), hereby respectfully requests that this Court temporarily lift its November 3, 2005 stay of this action against the Defendants, Quotium Technologies, Inc., Quotium Technologies, S.A., and Technologies, S.A. (collectively "Quotium"), so that (a) Cyrano may make its accompanying Motion for Leave To Amend the Complaint; (b) Quotium may be required to answer and, if it chooses, to counterclaim; and (c) Cyrano may answer such counterclaim, in support of this Court's coordination of multiple actions currently before it based on the same set of transactions between the same parties. As grounds for this motion, Cyrano states the following:

1.      On July 25, 2005, Cyrano filed the Complaint in the above-captioned action, setting forth a number of claims against Quotium, including the recognition of a March 16, 2004 judgment of the Commercial Court of Paris in *Cyrano, Inc. v. Technologies, S.A. et al.*, No. RG 2002050224, by declaration of Cyrano's ownership of all copyrights in the software products Test and Impact (*see* Paper No. 2 [Complaint] herein, at ¶¶ 26, 36-39, and Exhibit 3) and a finding of Quotium's

infringement of those copyrights by, *inter alia*, unauthorized reproduction and distribution of the

QTest 4.0 product announced July 11, 2005 (*see id.* at ¶ 54).

2.      On September 23, 2005, Quotium moved to dismiss or stay this action.

3.      On November 3, 2005, after a hearing, the Court stayed this action, without prejudice,

pending further developments in the pending litigation before Judge Tauro in *Technologies, S.A.*

*et al. v. Cyrano, Inc.*, U.S. District Court (D.Mass.) Civil Action No. 02-11416.  Quotium have

not filed an Answer to the Complaint.

4.      On June 20, 2006, Cyrano moved for a preliminary injunction, in large part because

"Quotium [had] recently threatened another action with regard to the [October 21, 2005] decision

of the Court of Appeal of Paris without recognizing the main import of that decision, namely,

Cyrano's ownership of Test and Impact."  *See* Paper No. 24 herein, Plaintiff's Motion for

Preliminary Injunction, at 2, Exhibit D.  Among other arguments, Quotium challenged the

enforceability of the October 21, 2005 judgment of the Court of Appeal of Paris under the

Massachusetts Recognition of Foreign Money Judgments Act, Mass. Gen. L. c. 235, § 23A.  *See*

Paper No. 30 herein, Quotium's Opposition to Plaintiff's Motion for Preliminary Injunction, at

21 n.11 ("this is a **federal question case**" [emphasis in original]).  This Court denied Cyrano's

motion at the October 4, 2006 hearing, among other statements, making the following

admonishment:  "If they are looking for 175,000 Euros or whatever it is that they are looking for

in France, deal with it there."  *See* Docket No. 37, Transcript of Oct. 4, 2006 Hearing, at 8:6-8.

5.      Instead of raising the issue as a set-off or counterclaim in either this action or the one in

the Commercial Court of Nanterre (mentioned in Paper No. 24 herein, at 2) where Cyrano had

asserted the October 21, 2005 judgment, on December 8, 2006, two of the Quotium entities,

Technologies, S.A. and Quotium Technologies, S.A., filed a Complaint in the Commonwealth of

Massachusetts Superior Court Department of the Trial Court (Suffolk Division), Civil Action

No. 06-5107-E, asserting a portion of the October 21, 2005 judgment -- under state law -- in

conjunction with additional facts of payment, against Cyrano (now known as Vedant), and

named Bank of America, N.A. as Trustee Process Defendant.

6.      On December 13, 2006, Cyrano filed a Notice of Removal of the state court action, and

the matter was assigned to this Court, Civil Action No. 06-12232-DPW.  Although Cyrano

moved to withdraw its Notice of Removal on December 15, 2006, it later moved to strike that

motion to withdraw in order to proceed with the removal.  The Court has not ruled on the issue

of its jurisdiction, which is currently being briefed by the parties.

7.      On December 28, 2006, Cyrano filed, in this Court, its Answer and Counterclaim to

Technologies, S.A. and Quotium Technologies, S.A.'s Complaint in C.A. No. 06-12232-DPW.

8.      On December 29, 2006, the Court issued an order granting Cyrano's motion for leave to

deposit $228,417 (the U.S. dollar equivalent of €175,000) to secure any judgment against it in

C.A. No. 06-12232-DPW.  A check in that amount was deposited with the Clerk's Office on

January 4, 2007.

9.      As previously noted, Cyrano's claims for declaration of copyright ownership and for

copyright infringement in this stayed action (C.A. No. 05-11558-DPW) are primarily based on

the March 16, 2004 judgment of the Commercial Court of Paris, which determined that the

copyrights in the software programs Test and Impact were the property of Cyrano, which was

affirmed in relevant part by the October 21, 2005 judgment of the Court of Appeal of Paris, as

expressly asserted in Cyrano's motion for preliminary injunction made substantially in response

to Quotium's selective assertion of that same October 21, 2005 judgment.

10.     The claims of Technologies, S.A. and Quotium Technologies, S.A. in C.A. No. 06-12232-DPW are based on the same October 21, 2005 judgment of the Court of Appeal of Paris, which confirmed the March 16, 2004 judgment of the Commercial Court of Paris that Cyrano expressly asserted in its Complaint.  Accordingly, Technologies, S.A. and Quotium Technologies, S.A's claims in C.A. No. 06-12232-DPW were compulsory counterclaims to this action under Fed.R.Civ.P. 13(a).

11.     Cyrano's counterclaim in C.A. No. 06-12232-DPW asserts a claim for infringement only in the United States and only after February 23, 2005, and is based on the October 21, 2005 judgment of the Court of Appeal of Paris.  (Cyrano's counterclaims in C.A. No. 02-11416-JLT were dismissed on February 23, 2005.)

12.     On March 7, 2006, Cyrano had filed in the Commercial Court of Nanterre a claim for infringement against Technologies, S.A. and Quotium Technologies, S.A. for infringement only in France, based on the October 21, 2005 judgment of the Court of Appeal of Paris.

13.     Cyrano seeks leave to lift the stay temporarily for the limited purposes of (a) amending its Complaint in this action to conform to its counterclaim in 06-12232-DPW, limiting its claims to infringements in the United States after February 23, 2005, and thereby eliminating overlap with the Nanterre action as well as Cyrano's counterclaims dismissed by Judge Tauro on February 23, 2005, which will be the subject of appeal; (b) requiring Technologies, S.A. and Quotium Technologies, S.A. to answer, and if it chooses, to counterclaim; and (c) allowing Cyrano to answer any counterclaims.

14.     This would allow this Court to coordinate economically and efficiently the outstanding United States claims between the removed action, C.A. No. 06-12232-DPW, and the earlier-filed action, C.A. No. 05-11558-DPW, pending resolution of  C.A. No. 02-11416-JLT.  Both because

Quotium already admitted that Cyrano's prior assertion of the October 21, 2005 judgment of the

Court of Appeal of Paris was part of "a **federal question case**" (*see* Paper No. 30, at 21 n.11

[emphasis in original]), and, therefore, the Anti-Injunction Act, 28 U.S.C. § 2283, exception

applies, "where necessary in aid of [federal court] jurisdiction," and simply because C.A. No. 05-

11558-DPW was first-filed,[1] this Court has the power to stay C.A. No. 06-12232-DPW or

Technologies, S.A. and Quotium Technologies, S.A.'s prosecution thereof pending resolution of

C.A. No. 05-11558-DPW.

13.     No prejudice will result from the granting of this motion.

        WHEREFORE, Cyrano respectfully requests that this Court grant its Motion to

Temporarily Lift Stay for the Limited Purpose of Filing a Motion to Amend the Complaint.

                                        Respectfully submitted,

                                        **CYRANO, INC.,**
                                        By its attorneys,

                                        /s/ Michael K. Sugrue_____
                                        Stephen Y. Chow, BBO #082990
                                        Michael K. Sugrue, BBO #655878
                                        BURNS & LEVINSON LLP
                                        125 Summer Street
                                        Boston, Massachusetts 02110
Dated:  January 10, 2007                (617) 345-3000


### LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

        I, Michael K. Sugrue, hereby certify that on January 10, 2007, I conferred by telephone
with John Pagliaro, counsel for the Defendants, in a good faith attempt to resolve or narrow the
issues, but was unable to do so.

                                        /s/ Michael K. Sugrue_____

---

[1] *See Philip Morris Inc. v. Harshbarger*, 946 F. Supp. 1067, 1074 (D.Mass. 1996); *Prudential Ins. Co. v. Doe*, 140
F.3d 785, 788 (8th Cir. 1998).

## CERTIFICATE OF SERVICE

I, Michael K. Sugrue, hereby certify that on January 10, 2007, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Michael K. Sugrue