UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRANO, INC., | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 05-CV-11558-DPW |
| QUOTIUM TECHNOLOGIES, INC., QUOTIUM TECHNOLOGIES, S.A., and TECHNOLOGIES, S.A., | ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed.R.Civ.P. 15(a), the Plaintiff, Cyrano, Inc., now known as Vedant Incorporated ("Cyrano"), hereby moves this Court for leave to amend its Complaint in the above-captioned action against the Defendants, Quotium Technologies, Inc., Quotium Technologies, S.A., and Technologies, S.A. (collectively "Quotium") to conform to its Counterclaim in a later-filed, related action before this Court (Civil Action No. 06-12232-DPW). A proposed Amended Complaint is attached hereto as Exhibit A. Cyrano references and incorporates herein its Motion to Temporarily Lift Stay for the Limited Purpose of Filing a Motion for Leave to Amend the Complaint, which is filed simultaneously herewith. As further grounds for this motion, Cyrano states the following:

1.    On July 4, 2002, Cyrano commenced an action against Technologies, S.A. and Quotium Technologies, S.A. in the Commercial Court of Paris, *Cyrano, Inc. v. Technologies, S.A. et al.*, No. RG 2002050224, seeking, *inter alia*, to determine copyright ownership and to recover the

source code to its software products Test and Impact from the Logibox held by the Liquidation Trustee of Cyrano, S.A., a French software company.

2.      On July 12, 2002, Technologies, S.A. and Quotium Technologies, S.A. commenced *Technologies, S.A. et al. v. Cyrano, Inc.*, No. 02-CV-11416-JLT ("02-11416-JLT") in this district, and the matter was assigned to Judge Tauro.  Cyrano asserted counterclaims in C.A. No. 02-11416-JLT.

3.      On March 16, 2004, the Commercial Court of Paris ruled in Cyrano's favor in *Cyrano, Inc. v. Technologies, S.A. et al.*, No. RG 2002050224, adopting the report of a court-appointed expert and finding Cyrano's ownership of copyrights in the software programs Test and Impact.

4.      Technologies, S.A. and Quotium Technologies, S.A. appealed the March 16, 2004 judgment of the Commercial Court of Paris to the Court of Appeal of Paris.

5.      Default judgment against Cyrano in C.A. No. 02-11416-JLT entered on or about February 23, 2005.  At that time, at the request of Technologies, S.A. and Quotium Technologies, S.A., Judge Tauro also dismissed Cyrano's counterclaims.  Final judgment has not yet entered in that action.

6.      On June 8, 2005, after multiple motions, Judge Tauro declined to lift the default judgment, but suggested that the French decisions might be raised in another action because he had not considered them when ruling on the motion for entry of default judgment.

7.      On July 25, 2005, after Technologies, S.A. and Quotium Technologies, S.A. moved to dismiss or stay Cyrano's appeals in the action before Judge Tauro, Cyrano moved to preserve its rights, *inter alia*, to enforce the March 16, 2004 judgment of the Commercial Court of Paris, by filing its Complaint herein, referring it to Judge Tauro in the first instance, who referred it to this Court.

8.  On Quotium's motion, this Court stayed this action subject to further developments, including a final judgment in the still pending action before Judge Tauro.

9.  On October 21, 2005, the Court of Appeal of Paris adopted the report of the court-appointed expert and affirmed the March 16, 2004 judgment of the Commercial Court of Paris that had determined Cyrano's ownership of Test and Impact. The Court of Appeal of Paris, however, modified the Commercial Court of Paris's judgment by reversing the lower court's award of attorneys' fees to Cyrano and by ordering both parties to pay damages.

10. After the time for taking an appeal of the October 21, 2005 judgment of the Court of Appeal of Paris had passed, with no appeal having been taken, and with this action (05-11558-DPW) stayed, Cyrano proceeded in the Commercial Court of Nanterre against Technologies, S.A. and Quotium Technologies, S.A.'s infringement of Test and Impact under French law, first to seize the source code found in that jurisdiction and then to have an expert appointed by the Court.

11. Technologies, S.A. and Quotium Technologies, S.A. effectively stayed the Expert's inspection by appealing to the Court of Appeal of Versailles, citing the pendency of this action (05-11558-DPW).

12. After Technologies, S.A. and Quotium Technologies, S.A. demanded repayment of money that they had paid, pursuant to the portion of the March 16, 2004 decision of the Commercial Court of Paris that had been reversed, but refused to recognize the entirety of the October 21, 2005 judgment of the Court of Appeal of Paris, and with talk of another release of its QTest product, Cyrano moved for a preliminary injunction on the copyright infringement count of its complaint or, in the alternative, for discovery of the source code for Quotium's product QTest. Quotium opposed, and this Court denied Cyrano's motion for preliminary injunction.

13.     Technologies, S.A. and Quotium Technologies, S.A. filed a new action in Massachusetts Superior Court seeking recognition of only a portion of the October 21, 2005 judgment of the Court of Appeal of Paris.

14.     Cyrano removed the state court action and referred it to this Court. Cyrano has answered Technologies, S.A. and Quotium Technologies, S.A.'s Complaint in the removed action and asserted a counterclaim. In order to avoid duplication of proceedings, Cyrano limited its counterclaims in the removed action to Technologies, S.A. and Quotium Technologies, S.A.'s acts of infringement in the United States after February 23, 2005 -- acts that are not viewed by the French courts as under its jurisdiction and that were not, and could not be, before Judge Tauro when he dismissed Cyrano's counterclaims in that action.

15.     After Cyrano's motion for preliminary injunction in this action, Quotium announced the release of QTest 4.1.

16.     Fed.R.Civ.P. 15(a) provides that the Court may allow a party to amend a pleading and "leave shall be freely given when justice so requires." Rule 15(a) has been liberally construed to allow amendment in the absence of undue delay or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

17.     The proposed Amended Complaint arises from the same transactions and occurrences that form the basis for this stayed action. Amendment is sought to modify the allegations of the Complaint herein to conform to the counterclaim in the removed action.

18.     No party will be unduly or unfairly prejudiced by the requested amendment. The subjects of the requested amendments create no unfair surprise, as they are a substantial limitation of the assertions made in the original Complaint, with a few minor clarifications and

reference to post-Complaint facts such as the October 21, 2005 judgment of the Court of Appeal of Paris.

19. Amendment will serve the interests of judicial economy by allowing consolidation in one action or close coordination of all of the identified claims of both sides.

20. This motion is brought in good faith and without any dilatory motive.

WHEREFORE, Cyrano respectfully requests that this Court grant its Motion for Leave to Amend the Complaint.

Respectfully submitted,

**CYRANO, INC.,**
By its attorneys,

/s/ Michael K. Sugrue_____
Stephen Y. Chow, BBO #082990
Michael K. Sugrue, BBO #655878
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110
Dated: January 10, 2007                    (617) 345-3000

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I, Michael K. Sugrue, hereby certify that on January 10, 2007, I conferred by telephone with John Pagliaro, counsel for the Defendants, in a good faith attempt to resolve or narrow the issues, but was unable to do so.

/s/ Michael K. Sugrue_____

## CERTIFICATE OF SERVICE

I, Michael K. Sugrue, hereby certify that on January 10, 2007, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Michael K. Sugrue_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRANO, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUOTIUM TECHNOLOGIES, INC., <br> QUOTIUM TECHNOLOGIES, S.A., and <br> TECHNOLOGIES, S.A., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05-CV-11558-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED COMPLAINT

Cyrano, Inc., which has changed its name to Vedant Incorporated (referred to herein as "Cyrano") files this amended complaint, a subset of its complaint filed herein on July 25, 2005, to declare its copyright rights in the United States as previously recognized more generally by the courts of France, and for damages and injunctive relief for infringement of those rights and for unfair competition. A related action was commenced July 12, 2002, in this district, by Technologies, S.A. and Quotium Technologies, S.A., *Technologies, S.A. et al. v. Cyrano, Inc.*, No. 02-CV-11416-JLT, and is still pending. A June 8, 2005 Memorandum in that case, while declining to remove the default judgments entered, expressly subordinated the accompanying Order to any recognition in a subsequent action of Cyrano's rights under the French judgments and against the "Cyrano" trademark in the United States Patent and Trademark Office.

## PARTIES

1.  Plaintiff Cyrano is a Delaware corporation with its principal place of business located at 26 Parker Street, Newburyport, Massachusetts.

1

2. On information and belief, Defendant Technologies, S.A. is a French corporation with its principal place of business located at 84-88 Boulevard de la Mission Marchand in Courbevoie, France.

3. On information and belief, Defendant Quotium Technologies, S.A, a wholly-owned subsidiary of Technologies, S.A., is a French corporation with its principal place of business located at 84-88 Boulevard de la Mission Marchand in Courbevoie, France.

4. On information and belief, Defendant Quotium Technologies, Inc. is a wholly-owned subsidiary of Quotium Technologies, S.A., and is a Delaware corporation with its principal place of business at 100 Cummings Center, Suite 336B, Beverly, Massachusetts. (The defendants are collectively referred to herein as "Quotium").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338, the Copyright Act, 17 U.S.C. §§ 101 *et. seq.*, the Lanham Act, 15 U.S.C. §§ 1121 and 1125, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7. Cyrano distributes software that enables users to test, monitor, and optimize their data processing and information management systems.

8. From about 1995 to 2001, Cyrano was affiliated with two legally independent foreign companies, Cyrano U.K. Limited ("Cyrano UK"), an English software company, and Cyrano, S.A. ("Cyrano SA"), a French company, both of which were liquidated around 2001 and 2002.

9. Cyrano SA was the repository for the trademarks, including the CYRANO® trademark registered in the United States Patent and Trademark Office on July 28, 1998, as No. 2,175,949,

now statutorily invalid.

10.    Cyrano operated, and was known to the public, as Cyrano, Inc. from about 1995 to August 2005 when it changed its corporate name to Vedant Incorporated.

11.    Among the many products developed, marketed, and sold by Cyrano, and previously Cyrano UK before it was liquidated, are the computer software products Test and Impact. Created and first published in 1987 in the United Kingdom by the predecessor of Cyrano UK, Test is protected under the copyright law of the signatories to the Berne Convention, including the United States. Impact, based on Test, was published in 1997 in the United Kingdom by Cyrano UK, and is also protected under the copyright law of the United States pursuant to the Berne Convention.

12.    In 2000, Cyrano UK used certain source code and non-literal elements from Test and Impact to create a new software product called OpenSTA. Once Cyrano UK completed the OpenSTA product in 2000, Cyrano UK included with the marketing version of the OpenSTA product an independent software module, the Modeler, created by Cyrano SA. Cyrano UK also created updated versions of the OpenSTA product.

13.    Cyrano UK owned all copyrights to the OpenSTA product, as well as a copyright and/or license from Cyrano SA to the Modeler module in the marketing version of OpenSTA.

14.    On or about March 21, 2002, Cyrano acquired, under a contract of sale, the assets and intellectual property of Cyrano UK, including all of its copyright ownership and rights to Test, Impact, and OpenSTA.

15.    Quotium are also engaged in the business of distributing software.

16.    In late 2001 and continuing in early 2002, Quotium began negotiating to purchase certain assets of Cyrano SA, which had gone into liquidation in France in October 2001.

17.     On or about June 11, 2001, the Commercial Court of Paris declared a bankruptcy proceeding against Cyrano SA.  On October 15, 2001, the Commercial Court of Paris ordered the liquidation of Cyrano SA and appointed the firm SCP Brouard-Duade as trustee of the liquidation (the "Trustee").

18.     During extended negotiations between Quotium and the Trustee, Quotium obtained access to source code for Test, Impact, and OpenSTA that belonged to Cyrano, and on or about March 13, 2002, the Commercial Court of Paris ordered the sale of Cyrano SA's tangible and intangible assets to Quotium.

19.     Despite objection from Cyrano that a significant portion of those assets, namely Test, Impact, and OpenSTA, belonged to it, on or about May 16, 2002, Quotium and the Trustee entered into a Contract of Transfer of Business Components (the "Transfer Contract").  Upon information and belief, Quotium used the Test, Impact, and OpenSTA code to develop a product called QuotiumPRO.

20.     Immediately upon obtaining the contested assets in 2001 and 2002, Quotium began to manufacture, distribute, promote, and sell QuotiumPRO, created from Test, Impact, and OpenSTA, throughout the world, including the United States, in violation of Cyrano's copyrights.

21.     On July 4, 2002, Cyrano commenced an action in the Commercial Court of Paris, *Cyrano, Inc. v. Technologies, S.A. et al.*, No. RG 2002050224, to recover the Test, Impact, and OpenSTA code from the Logibox held by the Trustee.  One week later, on July 12, 2002, Technologies, S.A. and Quotium Technologies, S.A. commenced *Technologies, S.A. et al. v. Cyrano, Inc.*, Civil Action No. 02-11416-JLT in this district.

22.     Mr. Michel Villard, an expert appointed by the Commercial Court of Paris on April 4, 2003, received and reviewed documentation from the parties in that litigation to determine

4

ownership of the Test and Impact software programs, which under French law, meant the copyrights in those programs. His extensive report, filed November 4, 2003, concluded that "CYRANO UK . . . owned 100% of the 'CYRANO Test' and 'CYRANO Impact' software applications at the time when its assets were transferred to CYRANO INC. under the contract of sale dated March 21, 2002."

23.     On March 16, 2004, the Commercial Court of Paris ruled in Cyrano's favor in *Cyrano, Inc. v. Technologies, S.A. et al.*, No. RG 2002050224, validating the expert's report and finding Cyrano's ownership of Test and Impact.

24.     Quotium appealed the March 16, 2004 judgment of the Commercial Court of Paris to the Court of Appeal of Paris.

25.     On or about October 21, 2005, the Court of Appeal of Paris affirmed the March 16, 2004 judgment of the Commercial Court of Paris that had determined Cyrano's ownership of Test and Impact. The Court of Appeal of Paris "[c]onfirmed the judgement handed down in respect of its validation of the expert appraisement, the instruction for the surrender to the company CYRANO Inc. of the CYRANO TEST and IMPACT softwares. . . ."

26.     The time for taking an appeal of the October 21, 2005 judgment of the Court of Appeal of Paris has passed, with no appeal having been taken.

27.     On July 11, 2005, Quotium announced the release of QTest 4.0 as a major new release of QuotiumPRO, thus a derivative work of Test, Impact, and OpenSTA, the derivation, reproduction, and distribution being infringements of Cyrano's copyrights in Test and Impact.

28.     On or about July 25, 2005, two weeks after Quotium announced the release of QTest 4.0, but three months before the judgment of the Court of Appeal of Paris that affirmed its ownership of Test and Impact, Cyrano commenced in this Court *Cyrano, Inc. v. Quotium Technologies, Inc.*

5

page_11

*et al.*, Civil Action No. 05-11558-DPW to, *inter alia*, enforce the March 16, 2004 judgment of the Commercial Court of Paris.

## Count I

(Declaratory Judgment Recognizing Judgment of the Court of Appeal of Paris)

29. Cyrano repeats and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 28.

30. The courts of France recognize the final judgments of courts of the United States and of the Commonwealth of Massachusetts that are made after actual consideration of the merits.

31. The March 16, 2004 judgment of the Commercial Court of Paris and the October 21, 2005 judgment of the Court of Appeal of Paris were made after actual consideration of the merits with proper personal and subject matter jurisdiction.

32. A justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between Cyrano and Quotium concerning the recognition and enforceability in the United States of the entire October 21, 2005 judgment of the Court of Appeal of Paris, including the expert appraisement validated thereby.

33. Cyrano is entitled to a declaration that the entire October 21, 2005 judgment of the Court of Appeal of Paris, including the expert appraisement, is recognized and enforceable in the United States and its Territories.

## Count II

(Declaratory Judgment of Copyright Ownership)

34. Cyrano repeats and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 33.

35. In affirming the Commercial Court of Paris' validation of the expert appraisement, the

October 21, 2005 judgment of the Court of Appeal of Paris determined that Cyrano owns the copyrights in Test and Impact, mostly created under the laws of the United Kingdom and acquired in part from rights created under the laws of France.

36.     Pursuant to the Berne Convention, the United States recognizes and enforces copyrights created under the laws of the United Kingdom and copyrights created under the laws of France.

37.     A justiciable controversy within the meaning of 28 U.S.C. § 2201 exists between Cyrano and Quotium concerning the ownership and enforceability in the United States of Cyrano's copyrights to Test and Impact.

38.     Cyrano is entitled to a declaration that it is the owner of all copyrights to Test and Impact and that these copyrights are enforceable in the United States and its Territories.

## Count III

(Copyright Infringement in violation of 17 U.S.C. § 101 *et seq*.)

39.     Cyrano repeats and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 38.

40.     Cyrano is, and has at all relevant times been, the sole owner of all right, title, and interest in and to all copyrights in Test and Impact.

41.     Cyrano has not authorized Quotium to reproduce, prepare derivative works from, distribute, or publicly perform or display Test and Impact, any of their modules, or any product containing portions thereof.

42.     Since on or about July 11, 2005, Quotium have reproduced, advertised, offered for sale, sold, and distributed in the United States their product QTest 4.0 that contains substantial portions of Test and Impact, thereby infringing Cyrano's copyrights in Test and Impact.

43.     Quotium's infringing activities are continuing, willful, and intentional in total disregard

of Cyrano's rights.

44. Cyrano is entitled to recover actual damages and profits in an amount to be determined at trial (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C. § 504(c)) as well as attorneys' fees and costs pursuant 17 U.S.C. § 505.

## Count IV

(Unfair Competition and False Designation of Origin in Violation of the Lanham Act, 15 U.S.C. §1125 (a))

45. Cyrano repeats and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 44.

46. Quotium have made false and misleading representations of fact to the public and in commerce in connection with commercial advertising and promotion in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Quotium's false and deceptive misrepresentations related to its professed ownership of all the copyrights in and its professed right to distribute the product QTest 4.0 -- substantial portions of which are potions of Test and Impact in which Cyrano owns the copyrights and has not authorized Quotium to distribute.

48. Quotium's misrepresentations were intended to cause, have caused, and/or are likely to cause confusion or mistake regarding the source of the QTest 4.0 product and its rightful distribution by Quotium.

49. Cyrano has been damaged by Quotium's misrepresentations at least through loss of licensing revenues and the dilution of the good will attached to the Test and Impact products.

50.. Cyrano has suffered and will continue to suffer, substantial economic damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Cyrano respectfully requests that this Court:

1.     Preliminarily and permanently enjoin Quotium's reproduction, distribution, public performance, or display in the United States or its Territories the products QTest 4.0, QTest 4.1, and any subsequent releases or other new products that include components of Test and Impact.

2.     Preliminarily and permanently enjoin Quotium's misrepresentations to the public of their ownership of all the copyrights in QTest 4.0, QTest 4.1, and any subsequent releases or other new products that include components of Test and Impact.

3.     Enter an order declaring that the entire October 21, 2005 judgment of the Court of Appeal of Paris, including the expert appraisement, is recognized and enforceable in the United States and its Territories.

4.     Enter an order declaring that Cyrano owns all copyrights to Test and Impact and that these copyrights are enforceable in the United States and its Territories.

5.     Enter judgment and award damages in favor of Cyrano on Counts I through IV, in an amount to be determined at trial.

6.     Find Quotium's violations of the Copyright and Lanham Acts willful and award Cyrano damages, attorneys' fees, and costs under the Copyright Act and the Lanham Act

7.     Award Cyrano any equitable or other relief requested including, but not limited to, prejudgment interest, costs, and attorneys' fees.

8.     Grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Cyrano demands a jury trial on all issues so triable.

                                                                           Respectfully submitted,

                                                                           CYRANO, INC,
By its attorneys,

/s/ Michael K. Sugrue
Stephen Y. Chow, BBO #082990
Michael K. Sugrue, BBO #655878
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110

Dated: January 10, 2007                       617-345-3000

## CERTIFICATE OF SERVICE

     I, Michael K. Sugrue, hereby certify that on January 10, 2007, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                                          /s/ Michael K. Sugrue